IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANZARA M. BROWN, | § | |
| | § | No. 455, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1205025968A (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 2, 2019
Decided: February 7, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Anzara Brown, appeals the Superior Court's order dated October 18, 2019, which denied his motion for correction of sentence filed under Superior Court Criminal Rule 35(a) ("Rule 35(a)").  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Brown's opening brief that his appeal is without merit.  We agree and affirm.

(2)     In September 2013, a Superior Court jury found Brown guilty of possession of marijuana, drug dealing, aggravated possession of a controlled

substance, carrying a concealed deadly weapon, possession of a deadly weapon during the commission of a felony, second degree conspiracy, and second degree criminal solicitation. The Superior Court deferred sentencing, pending a presentence investigation. Prior to sentencing, the State filed a motion to have Brown declared an habitual offender under 11 *Del. C.* § 4214(b) ("§ 4214(b)"). On October 29, 2013, the Superior Court granted the State's motion and sentenced Brown as follows: (i) as an habitual offender under § 4214(b) to two life sentences for the charges of drug dealing and aggravated possession; (ii) as an habitual offender under 11 *Del. C.* § 4214(a) ("§ 4214(a)") to twenty-seven years of Level V incarceration for the weapons offenses; (iii) to two years of Level V incarceration, suspended for one year of Level II probation for second degree conspiracy; and (iv) to six months of Level V incarceration, suspended for one year of Level II probation for possession of marijuana.[1] On December 16, 2014, the Superior Court corrected the sentencing order to reflect the fact that the drug dealing and aggravated possession offenses merged for sentencing purposes. This Court affirmed Brown's convictions and sentence on direct appeal.[2]

(3) On October 2, 2019, Brown filed a motion for correction of sentence. Brown argued that (i) his sentence under § 4214(b) was improper because he should

---

[1] At sentencing, the Superior Court merged the criminal solicitation and conspiracy offenses.
[2] *Brown v. State*, 117 A.3d 568 (Del. 2015).

have been sentenced under § 4214(a) and (ii) his life sentence as a "non-king-pin drug dealer" constituted cruel and unusual punishment. The Superior Court denied the motion on the basis that Brown's sentence was appropriate for all the reasons stated at the time of sentencing and no additional information had been provided to the court that would warrant a reduction or modification of the sentence. This appeal followed.

(4) On appeal, Brown argues that (i) the Superior Court was required to sentence him in accordance with § 4214(a) because he admitted he was eligible under § 4214(a) in 2006 when he pleaded guilty to possession with intent to distribute cocaine in a different criminal case; (ii) the Superior Court erred by not conducting a separate hearing to determine the existence of three prior predicate felony convictions; and (iii) his sentence constitutes cruel and unusual punishment. Brown's arguments are unavailing.

(5) We review the denial of a motion for correction of sentence for abuse of discretion.[3] To the extent a claim involves a question of law, we review the claim *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is

---

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*

3

internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(6) Although it appears that the Superior Court mistakenly treated Brown's motion as a motion for modification of sentence filed under Rule 35(b), rather than a motion for correction of sentence under Rule 35(a), we nonetheless affirm the Superior Court's denial of Brown's motion on the independent and alternative ground that it lacked merit under Rule 35(a).[6]

(7) In a prior unrelated case, Brown pleaded guilty to possession with intent to deliver cocaine in March 2006. As part of the plea agreement, (i) the State *nolle prosequied* the remaining nine charges against Brown, (ii) the parties asked for immediate sentencing, (iii) the parties requested that the minimum mandatory sentence of three years of Level V incarceration be imposed, and (iv) Brown admitted that he was an habitual offender as defined by § 4214(a). The Superior Court accepted the plea and sentenced Brown to three years of Level V incarceration. The sentencing order notes that Brown admits he is an habitual offender under § 4214(a). Brown did not appeal his conviction or sentence. Brown now argues that the court was obligated to sentence him as an habitual offender under § 4214(a) in

---

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[6] *See Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

2013. Brown is incorrect. Brown, by admitting he was an habitual offender under § 4214(a), arguably relieved the State of its burden of proof to have him declared an habitual offender under that subsection for any future felony conviction. But the State elected to initiate the habitual offender status process under § 4214(b) following Brown's 2013 jury trial. Accordingly, the State filed with the court its motion to declare Brown an habitual offender—as required by 11 *Del. C.* § 4215(b)—together with documentary evidence in the form of certified court records of Brown's prior predicate convictions.[7] Brown's 2013 conviction for drug dealing was an enumerated triggering felony in the version of § 4214(b) in effect at the time.[8] Once the State met its burden and established beyond a reasonable doubt that Brown had been convicted of two enumerated predicate felonies under § 4214(b), the court was bound to sentence him to life under that subsection.[9]

(8) Brown next argues that he was entitled to a separate hearing to establish the existence of his predicate felonies. Because Brown did not raise this argument

---

[7] *See Hall v. State*, 788 A.2d 118, 128 (Del. 2001) ("We hold that the State need offer only unambiguous documentary evidence of a prior predicate conviction, not live witnesses, and not a particular or exclusive type of documentary evidence. Once the State has offered evidence of the prior conviction that is regular on its face, the State has met its burden of establishing a prima facie case.").

[8] Brown's conviction for aggravated possession was also an enumerated triggering felony under § 4214(b) but, as previously noted, that offense merged with Brown's drug dealing offense. *See Ayers v. State*, 97 A.3d 1037, 1041 (Del. 2014).

[9] *Reeder v. State*, 2001 WL 355732, at *3 (Mar. 26, 2001) ("Simply put, the General Assembly, in enacting § 4214, limited the Superior Court's sentencing discretion once the State properly initiates the habitual offender status process.").

5

below, we will not ordinarily entertain it on appeal.[10]  In any event, Brown's contention is unavailing.  Although it is unclear whether he believes the court should have held a separate hearing in 2006 or 2013, it is clear that Brown has long since waived any challenge he could have raised with respect to his completed 2006 sentence.  As for Brown's 2013 sentence, Brown raised no objection to the Superior Court sentencing him on the same day it considered the State's habitual offender motion, nor did he file a timely motion for the correction of a sentence imposed in an illegal manner within ninety days of the imposition of the sentence.[11]  Accordingly, Brown may not object to court's failure to hold a separate hearing on the State's motion to declare him an habitual offender now.

(9)    Finally, Brown contends that his sentence is an unconstitutionally disproportionate sentence in violation of the prohibition against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution.  There is no dispute that Brown was eligible to be sentenced as an habitual offender.  At the sentencing hearing, Brown's counsel acknowledged, and the Superior Court

---

[10] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.  Parties are not free to advance arguments for the first time on appeal.").

[11] *See Walley v. State*, 2007 WL 135615, at *1 (Del. Jan. 11, 2007) (holding that a challenge to the timing of the habitual offender status hearing was, in fact, a motion for the correction of a sentence imposed in an illegal manner that was required to be filed within ninety days of sentencing under Rule 35).

found on the basis of the record before it, that Brown had four separate prior felony convictions, two of which were enumerated predicate felonies under the version of § 4214(b) then in effect. Because Brown was convicted of drug dealing, the Superior Court was required under that version of the habitual offender statute—a version we repeatedly upheld as constitutional—to sentence Brown to a life term.[12] Likewise, the court was obligated to sentence Brown under § 4214(a) on the felony weapons offenses. In short, Brown's sentence is not illegal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[12] In 2013, 11 *Del. C.* § 4214(b) provided, "Any person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named… and who shall thereafter be convicted of a subsequent felony hereinafter specifically named… is declared to be an habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted…." The enumerated felonies included (i) Brown's prior predicate felonies of delivery of a narcotic Schedule II controlled substance and possession with intent to distribute a narcotic Schedule II controlled substance; and (ii) Brown's triggering felony of drug dealing.